# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA MIDDLE DIVISION

| | |
|---|---|
| TIMOTHY KEITH, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CIVIL ACTION NO.: |
| V. ) | CV- |
| ) | |
| CITY OF GADSDEN, ) | JURY DEMAND |
| ) | |
| DEFENDANT. ) | |
| ) | |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for declaratory judgment, equitable relief and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Civil Rights Act of 1964, as amended, including the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

### II. JURISDICTION, VENUE AND ADMINISTRATIVE PREREQUISITES

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, 1343, 2201 and 2202. Venue is proper in the Northern District of Alabama Middle Division under 28 U.S.C. §1391(b).

3. The unlawful employment practices alleged hereinbelow were committed by

Defendant within Etowah County Alabama. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff has met all conditions precedent for filing this case under Title VII.

### III. PARTIES

5. Plaintiff, Timothy Keith, (hereinafter "Plaintiff") is an African-American male, a citizen of the United States, and a resident of the State of Alabama. Plaintiff has worked for Defendant since 2002.

6. Defendant, City of Gadsden, (hereinafter "Defendant,") is an employer within the meaning of that term as used in Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e *et seq.*, as amended by 42 U.S.C. Section 1981a. At all times pertinent to the matters alleged herein, Defendant City, has employed fifteen (15) or more employees.

### IV. FACTS

7. Defendant City hired Plaintiff in 2002 as a part time employee.

8. Plaintiff applied for numerous full time positions with Defendant, but the Director of Parks and Recreation, Sandy Battles, who is a white female, refused to select Plaintiff for any full time position.

9. In July 2007, Plaintiff applied for more than one Assistant Recreation Manager position, and Defendant promoted less qualified white females over Plaintiff.

10. In particular, on August 3, 2007, Director Battles selected two white females, Frankie Mauldin Watson and Nena Brock Campbell, over Plaintiff for Assistant Recreation Manager positions.

11. Around October 2007, Defendant selected a white female named Charlotte Elaine Griffin Wright over Plaintiff for the Assistant Recreation Manager position.

12. Plaintiff was more qualified than the three white females mentioned above who were selected over him for the Assistant Recreation Manager positions in 2007.

13. Director Sandy Battles has a history of selecting females over males for full time positions and treating females more favorably than males in other selection decisions.

14. Plaintiff filed an EEOC Charge on November 19, 2007 alleging race and gender discrimination.

15. After an investigation, on September 30, 2009, the EEOC issued Notice of Right To Sue stating "(t)he EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged . . ."

## V. CAUSES OF ACTION

### A. COUNT I

**Discrimination on the Basis of Race in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e** *et seq.*

16. Plaintiff re-alleges and incorporates by reference paragraphs 1-15 above with the same force and effect as if fully set out in specific detail herein below.

17. During Plaintiff's employment, Defendant discriminated against Plaintiff because of his African-American race by refusing to hire him into a full time position and denying him promotions into higher paying full time positions.

18. Defendant's articulated reasons for not selecting Plaintiff for a full time position and not promoting him into higher paying positions are not legitimate.

19. Defendant's discriminatory employment practices have caused Plaintiff to experience severe harm, including loss of compensation, wages, back pay and front pay, benefits, seniority, and other employment benefits. Plaintiff has further suffered emotional distress, humiliation, indignity, and the resulting injury and loss.

B. **COUNT II**

**Discrimination on the Basis of Gender in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.***

20. Plaintiff re-alleges and incorporates by reference paragraphs 1-19 above with the same force and effect as if fully set out in specific detail herein below.

21. During Plaintiff's employment, Defendant discriminated against Plaintiff because of his male gender by refusing to hire him into a full time position and denying him promotions to full time positions.

22. Defendant's articulated reasons for not selecting Plaintiff for a full time position and not promoting him are not legitimate.

23. Defendant's discriminatory employment practices have caused Plaintiff to experience severe harm, including loss of compensation, wages, back pay and front pay, benefits, seniority, and other employment benefits. Plaintiff has further suffered emotional distress, humiliation, indignity, and the resulting injury and loss.

**VI. DAMAGES**

24. Defendant's discriminatory and retaliatory employment practices have caused Plaintiff to experience severe harm, including loss of compensation, wages, back pay and front pay, benefits, seniority, and other employment benefits.

Plaintiff has further suffered embarrassment, humiliation, shame, damage to his reputation, mental distress, emotional and physical pain and anguish as a consequence of Defendant's unlawful conduct.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

25. Grant Plaintiff a declaratory judgment holding that the actions of Defendant described herein above violated and continues to violate the rights of Plaintiff as secured by Title VII.

26. Grant Plaintiff a permanent injunction enjoining Defendant City, its agents, successors, employees, attorneys and those acting in concert with Defendant and on Defendant's behalf from continuing to violate Title VII.

27. Issue an injunction ordering Defendant not to engage in race discrimination and to establish written policies and procedures against such discriminatory conduct and a grievance procedure for reporting such conduct.

28. Grant Plaintiff an order requiring Defendant to make Plaintiff whole by awarding him the position and pay he would have occupied in the absence of race and/or gender discrimination. If Defendant can not immediately place Plaintiff in the supervisor position, award him frontpay.

29. Grant an Order requiring Defendant to make Plaintiff whole by requiring Defendant to pay to Plaintiff backpay (plus interest); compensatory damages; nominal damages; and any lost seniority, benefits, and pension.

30. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

Respectfully submitted,

_____
Jon C. Goldfarb (ASB-5401-f58j)
Daniel E. Arciniegas (ASB-7809-D67A)
Counsel for Plaintiff

**OF COUNSEL:**
Wiggins, Childs, Quinn & Pantazis, LLC
301 19th Street North
Birmingham, AL 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**DEFENDANT'S ADDRESSES:**
City of Gadsden Alabama
Gadsden City Hall
90 Broad Street
Gadsden, AL 35901